George Sijan v. Commissioner.
Sijan v. Commissioner
Docket No. 52321.
United States Tax Court
T.C. Memo 1955-287; 1955 Tax Ct. Memo LEXIS 47; 14 T.C.M. (CCH) 1109; T.C.M. (RIA) 55287; October 27, 1955
*47 George S. Stupar, Esq., 1225 West Mitchell Street, Milwaukee, Wis., for the petitioner. J. Bruce Donaldson, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Petitioner contends that respondent erred in his determination of deficiencies $203of and $216 in income taxes for the respective calendar years 1949 and 1950. The only factual issue is whether petitioner provided more than one-half of the support of his two daughters who lived with his divorced wife. Findings of Fact Some of the facts have been stipulated and are hereby found. Petitioner is an individual residing in Milwaukee, Wisconsin. He filed timely individual income tax returns for the calendar years 1949 and 1950 with the collector of internal revenue for the eastern district of Wisconsin. Petitioner and Mary Smith were married on December 21, 1941. As a result of the marriage two children were born, Margaret in 1942 and Ruth Ellen in 1945. Petitioner and his wife were divorced on May 14, 1948. Under the divorce decree of the Circuit Court of Milwaukee County petitioner was ordered to pay to his divorced wife $61 each month for support of their two daughters. *48 She was given custody of both daughters who have since lived with her in a residence provided by her and apart from petitioner. Petitioner on his income tax returns for 1949 and 1950 claimed the two daughters as dependency credits. Pursuant to the divorce decree, petitioner, during 1949, paid $705 and, during 1950, paid $728 to his former wife for the support of the two daughters. In addition to these amounts he made the following expenditures during 1949 and 1950 in their direct support: 1949
1950
Monies given daughters for
incidentals
$ 52.00
$ 40.00
Christmas and Easter gifts
11.00
41.00
School supplies
60.00
60.00
Vacation
25.00
Shows and food
25.00
Jewelry
60.00
Total
$148.00
$226.00 During 1949 he gave his former wife $9 for dental work for the younger daughter. He made the following contributions to the household in which the two daughters were maintained: He gave his former wife $60 in cash. He transported some wood to the household to be used for heating purposes and provided one bin full of coal. The value of the wood and coal was about $70. Petitioner expended no additional amounts on behalf of his daughters during 1949 *49 and 1950. His income for 1949 was $3,072.82 and for 1950 was $3,153.72. In July of 1949 petitioner's former wife married Ralph Swierczynski and remained married to him through 1950. During the balance of 1949 and all of 1950 her husband gave her about $30 each week from his income. Their joint income in 1950 was $6,200. She was employed during all of 1949 and 1950 at a salary of approximately $45 a week. During all of 1949 and 1950 she employed a housekeeper who took care of the two daughters while she worked. The older daughter attended school during both years; the younger remained in the home and required supervision. The housekeeper spent part of her time caring for the two daughters; the balance of her time was spent performing household tasks for the entire household. She was paid approximately $624 in each year for her services. A portion of this salary is allocable to the care and support of petitioner's daughters, and the remaining portion forms a part of the general expenses of the household in which the daughters resided. Petitioner's former wife testified that she spent the following amounts in support of the two daughters during 1949 and 1950: 1949
1950
Cleaning
$ 50.00
$ 50.00
Drugs
50.00
50.00
Food
780.00
780.00
Vacation
66.66
Total
$880.00
$946.66
*50 In addition, she testified that she spent the following amounts in support of the younger daughter: 1949
1950
Doctor bill
$150.00
$ 60.00
Clothing
300.00
300.00
Total
$450.00
$360.00 and the following amounts in support of the older daughter: 1949
1950
Doctor bill
$ 75.00
$ 40.00
Board and room while in
Michigan for her health
150.00
Dentist
45.00
School tuition
10.00
10.00
Clothing
400.00
500.00
Total
$635.00
$595.00 The following expenses, exclusive of an allocable portion of the houskeeper's salary, were listed as having been incurred in the maintenance of the household in which the two daughters resided during 1949 and 1950: 1949
1950
Mortgage payments
$480.00
$480.00
Taxes
100.00
100.00
Electricity
60.00
60.00
Heat
160.00
180.00
Insurance
25.00
25.00
Gas
60.00
60.00
Total household expenses
$885.00
$905.00
During 1949 the household was occupied by petitioner's former wife, the two daughters, and the housekeeper during the entire year; by Ralph Swierczynski and the housekeeper's son during the last 6 months of the year; and by the mother of petitioner's former wife *51 for about 3 months of the year. Of the expenses incurred in the maintenance of the household in 1949, two-fifths are attributable to the support of the two daughters. During 1950 the household was occupied by 6 persons during the entire year; petitioner's former wife and her husband, the two daughters, the housekeeper, and her son. Of the expenses incurred in the maintenance of the household in 1950, two-sixths are attributable to the support of the two daughters. Petitioner contributed not more than $992 in 1949 and $954 in 1950 toward the support of his two daughters. He did not provide more than one-half of the support of either or both of his two daughters during 1949 or 1950. Opinion The only issue here is purely one of fact: Has petitioner demonstrated that he bore more than one-half of the cost of maintaining the two minor daughters for whom he claims dependency credits? We have found the facts adversely to petitioner because it is impossible to elicit from this record sufficient evidence to support his contention. Petitioner is in the unfortunate position of having to rely upon the testimony of his divorced wife for proof of the total amount expended in maintaining *52 the children, who lived with her. Even granting the correctness of petitioner's assertion that this witness's testimony may have been exaggerated and unreliable, there is no escape from the conclusion that if we discard it the record is barren of any evidence in this vital area. Petitioner is merely left with an unproved case. . Although we can determine the amount of petitioner's contribution, without any way of finding the facts as to total expenditures, it is of course out of the question to conclude that petitioner's payments constituted more than one-half of the dependents' support. Decision will be entered for the respondent.